UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN–SOUTHERN DIVISION

CANDACE ANDERSON,
Individually and on behalf of others similarly situated,
     Plaintiff,

 -vs-                            Case No.
                                             Hon.
                                             **CLASS ACTION COMPLAINT**
TRANS UNION, LLC,                **DEMAND FOR JURY TRIAL**
     Defendant.

### COMPLAINT & JURY DEMAND

*Plaintiff, Candace Anderson, individually and on behalf of others similarly situated, states the following claims for relief:*

### Introduction

1.    This is a consumer class action brought against Defendant Trans Union, LLC ("Trans Union") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b).

2.    This lawsuit challenges the manner in which Trans Union reports civil judgements entered by the 36th and 46th District Courts of the State of Michigan and the procedures Trans Union fails to follow to ensure the maximum possible accuracy of those judgments that are satisfied or similarly dismissed.

3.    Specifically, Trans Union does not follow reasonable procedures to gather

information from the courts when the civil judgments are satisfied, vacated, appealed or similarly dismissed with the same rigor and process that it initially employs to gather information when those judgments are initially entered in favor of various judgment creditors, many of which include paying subscribers.

4.   The Plaintiff and putative class members were each the subject of a consumer report sold to a third party which inaccurately reflected that the underlying judgment against them was still due and owing at such time when it was not.

## Jurisdiction

5.   This lawsuit, being brought pursuant to 15 U.S.C. § 1681 *et seq*, presents a federal question and as such, jurisdiction arises under 28 U.S.C. §1331 and 15 U.S.C. §1681 *et seq.*

## Venue

6.   The transactions and occurrence which give rise to this action occurred in Oakland and Wayne Counties, in the State of Michigan.

7.   Venue is proper in the Eastern District of Michigan.

## Parties

8.   The Plaintiff is Candace Anderson ("Ms. Anderson"), a natural person and resident of Oakland County, Michigan.

9.   Ms. Anderson and the putative class members are each a consumer as defined

by the FCRA, at 15 U.S.C. §1681a(c).

10. The Defendant to this action is Trans Union, LLC ("Trans Union"), a credit reporting agency as contemplated by the FCRA, 15 U.S.C. 1681 *et seq.*

## Factual Allegations

11. Ms. Anderson obtained a copy of her Trans Union consumer file, which is used by Trans Union to generate consumer reports relating to Ms. Anderson, dated August 6, 2014.

12. The August 6, 2014 disclosure of Ms. Anderson's file contained inaccurate public record information regarding two separate judgments against Ms. Anderson: a Wayne County 36th District Court Judgment in favor of Credit Acceptance Corporation ("36th District Court Judgment"), and an Oakland County 46th District Court Judgment in favor of LVNV Funding, LLC ("46th District Court Judgment").

13. Ms. Anderson paid Credit Acceptance Corporation in July 2013, and Satisfaction of Judgment was entered by the 36th District Court on August 7, 2013.

14. Trans Union failed to report the status of the 36th District Court Judgment as paid and, therefore, Trans Union's reporting of the judgment was inaccurate.

15. Ms. Anderson paid LVNV Funding, LLC in November 2013, and a Certificate

of Satisfied Judgment was entered by the 46th District Court on December 2, 2013.

16.   Trans Union failed to report the status of the 46th District Court Judgment as paid and, therefore, Trans Union's reporting of the judgment was inaccurate.

17.   Further, Trans Union falsely reported the court type for each judgment as "Circuit Court."

18.   This is inaccurate because both judgments were taken in district court.

19.   As circuit courts only handle civil claims of more than $25,000, Trans Union's inaccurate reporting of the court type gives the misleading impression that the judgments taken against Ms. Anderson were in excess of $25,000 when in fact, the LVNV judgment was less than $1,000 and the Credit Acceptance Corporation judgment was less than $8,000.

20.   Trans Union's reporting of the judgments is inaccurate and in violation of the FCRA, 15 U.S.C. § 1681e(b), due to Trans Union's failure to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Ms. Anderson and the putative classes.

21.   Trans Union failed to maintain reasonable procedures designed to avoid violations of the FCRA, 15 U.S.C. § 1681e(b).

22.    Trans Union has prepared and furnished multiple consumer reports regarding Ms. Anderson to third parties that contained the inaccurate public record information as alleged herein.

23.    Trans Union's conduct was willful and carried out in reckless disregard for Ms. Anderson's rights as a consumer, as set forth under the FCRA.

24.    By example only and without limitation, Trans Union's conduct was willful as it was intentionally accomplished through intended procedures; these procedures have continued despite the fact that Trans Union has already been subject to court decisions in other states critical of its similar conduct.

### Class Allegations

25.    Ms. Anderson incorporates the preceding allegations by reference.

26.    Ms. Anderson brings this action on behalf of herself and classes of all other persons similarly situated, pursuant to Fed.R.Civ.P.23.

27.    Ms. Anderson proposes to represent the following classes, initially defined as follows:

    a.    **36th District Court Judgment Class:** All consumers for whom Trans Union furnished a consumer report which reported a civil judgment in the 36th District Court of Michigan as unpaid when the judgment was satisfied more than 30 days prior to the date of publication.

b.    **46th District Court Judgment Class:** All consumers for whom Trans Union furnished a consumer report which reported a civil judgment in the 46th District Court of Michigan as unpaid when the judgment was satisfied more than 30 days prior to the date of publication.

c.    **Improper Designation of Court Type as Circuit Court Class:** All consumers for whom Trans Union furnished a consumer report which reported a civil judgment with a court type designated as circuit court when, in fact, the judgment was not entered in a circuit court.

28.    The classes of persons to be represented are so numerous that joinder of all members is impractical.

29.    The names and addresses of the class members are identifiable through documents that Trans Union maintains, and the class members may be notified of the pendency of this action by published and/or mailed notice.

30.    The class claims present common questions of law and fact, including:

a.    Whether Trans Union provided a consumer report that reported a judgment without first fully investigating the public records to determine if the judgment was satisfied;

b.    Whether Trans Union's standard procedures to update judgments and report a court type were reasonable;

c.  Whether Trans Union knowingly and intentionally committed an act in conscious disregard of the rights of the consumer; and

d.  Whether Trans Union's conduct constituted violations of the FCRA.

31.  Ms. Anderson will fairly and adequately protect the interests of the classes.

32.  Specifically:

a.  Ms. Anderson has no adverse interest to the classes.

b.  Ms. Anderson has retained counsel who is experienced in handling class actions and litigation under various Federal Consumer Credit Protection Acts.

c.  Ms. Anderson's claims are typical of the claims of each class member, as Ms. Anderson has suffered similar injuries to the members of the classes she seeks to represent through this action.

33.  Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

i.  The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

ii.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy because no individual

> class member could be expected to hold a strong interest in
> individually controlling the prosecution of separate claims against
> Trans Union because the claim amounts are likely small and
> involve statutory damages under the FCRA, and because
> management of these claims will likely present few difficulties.

34.   This complaint seeks monetary damages under Fed.R.Civ.P. 23(b)(3).

35.   Class certification is appropriate because Trans Union has acted on grounds
      generally applicable to the classes, making equitable injunctive relief with
      respect to Ms. Anderson and the putative class members appropriate, under
      Fed.R.Civ.P. 23(b)(2).

36.   There is no impediment to certification of the classes to be represented.

### Count I – FCRA, 15 U.S.C. § 1681e(b) (Trans Union)

37.   Ms. Anderson incorporates the preceding allegations by reference.

38.   Trans Union has violated 15 U.S.C. §1681e(b) in relation to Ms. Anderson and
      the class members by failing to establish or to follow reasonable procedures to
      assure maximum possible accuracy in the preparation of the consumer reports
      it furnished regarding Ms. Anderson and the class members.

39.   Trans Union willfully failed to maintain reasonable procedures to assure the
      maximum possible accuracy in the preparation of the consumer reports it

furnished regarding Ms. Anderson and the class members, in violation of 15 U.S.C. §§ 1681e(b) and 1681n.

40.    Ms. Anderson and the class members have suffered damages as a result of Trans Union's violations of the FCRA.

## Jury Demand

41.    Ms. Anderson demands trial by jury in this action.

## Request For Relief

42.    *ACCORDINGLY Ms. Anderson, individually and on behalf of the members of the Classes, requests that the Court Grant any or all of the following relief:*

a.    *Certification of the proposed Classes;*

b.    *Appointment of Plaintiff as representative of the Classes;*

c.    *Appointment of the undersigned counsel as counsel for the Classes;*

d.    *Creation of a common fund available to provide notice of and remedy for Defendant's violations;*

e.    *Statutory and punitive damages for the class claims;*

f.    *Actual or statutory damages and punitive damages for the individual claims;*

g.    *Declaratory and injunctive relief as appropriate;*

h.    *Attorneys' fees, expenses and costs;*

i.      *Pre-judgment and post-judgment interest as provided by law; and*

j.      *Such other and further relief as the Court deems necessary, just, and proper.*

Respectfully Submitted,

/s/ Michael J. Bonvolanta
Michael J. Bonvolanta (P-80038)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Candace Anderson
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
PHONE: (248) 208-8864
MichaelB@MichiganConsumerLaw.Com

Dated: August 5, 2016

10